Dear Chief Devall:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for review.
In your request, you raise the issue of the legality of your holding other private employment to provide security for a lounge after normal working hours.
The City of Hammond is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq. LSA-R.S. 33:423
outlines the duties of a chief of police in a Lawrason Act municipality, and provides in part:
 "A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321
et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, or creed."
Citing LSA-R.S. 33:423, this office has concluded that the chief of police has general supervisory power over the police department, which includes the scheduling of the work shifts of all members of the police department. However, although he is not required to establish certain "working hours", it continues to be the opinion of this office that the chief of police is an elected official who should serve on a full-time basis. See attached Attorney General Opinion Numbers 87-696 and 90-316.
Further, we find nothing in the statutes which would prohibit you from engaging in private employment in your off-duty hours. Note that LSA-R.S. 33:423 quoted above states that "he [the chief of police] shall perform all other duties required of him by ordinance. . . . ". The adoption of an ordinance by the board of aldermen establishing the specific duties and day-to-day responsibilities of you as chief of police could possibly conflict with the hours devoted to private employment.
We have not addressed any potential ethical problems in this matter. This office defers to the State Ethics Commission concerning ethical violations under the Code of Governmental Ethics, LSA-R.S. 42:1111, et. seq. You may direct your inquiry for an opinion to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808, telephone number 504-765-2308.
Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0287E